IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DONALD SURRELLS,<br><br>Defendant. | Case No. 3:24-cr-00076-SLG-KFR<br>3:14-cr-00087-RRB-KFR |

**FINAL REPORT AND RECOMMENDATION UPON A PLEA OF GUILTY**

Upon Defendant's request to enter a guilty plea, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, to Count One of the Indictment in case number 3:24-cr-00076-SLG-KFR, charging a violation of 18 U.S.C. § 2113(a), Credit Union Robbery, [Doc. 13], the District Court referred the change of plea to the Magistrate Judge, with the written and verbal consents of Defendant, counsel for Defendant, and counsel for the United States. Defendant also requested to enter admissions at this change of plea hearing to Violations One through Eight of the Second Superseding Petition for Warrant for Person under Supervised Release in case number 3:14-cr-00087-RRB-KFR, [Doc. 52].[1]

Thereafter, the matter came before this Court for a hearing on Defendant's guilty plea and admissions, in full compliance with Rule 11 and Rule 32.1, Federal Rules of Criminal Procedure, in open court and on the record.

In consideration of that hearing and the colloquy made by Defendant under oath, on the record, in the presence of counsel, and the remarks of the Assistant United States Attorney,

//

//

---

[1] Violations One through Eight of the Second Superseding Petition allege violations of Defendant's prohibition against use of controlled substances (One and Two), requirement to engage in drug treatment and testing (Three, Five, and Six), requirement to pay restitution (Four and Seven), and prohibition against committing a new law violation (Eight). Pursuant to the order at Docket 49, the evidentiary hearing for the revocation will be "before the magistrate judge only upon consent[.]"

**A. I make the following FINDINGS – that Defendant understands:**

- ☒ That any false statements made by Defendant under oath may later be used against him in a prosecution for perjury;
- ☒ The right to persist in a plea of not guilty to the charge in the indictment and the entry of denials to the allegations in the superseding petition;
- ☒ The consequences of not being a United States citizen;
- ☒ The nature of the charges and allegations against Defendant;
- ☒ The loss of certain federal benefits;
- ☒ The maximum possible sentence, including imprisonment, fine, supervised release, and any applicable mandatory minimum sentence for both a plea of guilty and admissions;
- ☒ The Court's authority to order restitution;
- ☒ The mandatory special assessment;
- ☐ Any applicable forfeiture;[2]
- ☒ The right to a speedy and public trial by jury and Revocation Hearing pursuant to Federal Rule of Criminal Procedure 32.1(b)(2) before the Court;
- ☒ The right to be represented by counsel and, if necessary, to have the Court appoint counsel at trial and Revocation Hearing, and at every other stage of the proceedings;
- ☒ The right to: confront and cross-examine adverse witnesses, to remain silent, to testify and present evidence, and to compel the attendance of witnesses;
- ☒ That a plea of guilty operates as a waiver of trial rights and an admission operates as a waiver of Revocation Hearing rights;
- ☒ That Defendant knowingly, intelligently, and voluntarily waives all right to appeal or collaterally attack (except on the grounds of ineffective assistance of counsel and the voluntariness of his plea and admission); and

---

[2] The Indictment did not contain a forfeiture allegation.

Final R&R re: Guilty Plea and Admission
*United States v. Surrells*

2

☒ That in determining a sentence, the Court's obligation to calculate the applicable sentencing guideline range pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission and to consider that range, as well as departures under the Sentencing Guidelines, and variances under 18 U.S.C. §3553(a).

**B. I further FIND:**

1. Defendant is competent to enter an informed plea and admissions;
2. Defendant is aware of his rights and has had the advice of legal counsel;
3. That the plea of guilty and admissions by Defendant have been knowingly and voluntarily made and are not the result of force, threats, or coercion;
4. There is no agreement between the parties in this open plea and admission; and
5. That there is a factual basis for Defendant's plea and admissions.

**C. I RECOMMEND:**

☒ That the District Court accept Defendant's plea of guilty to Count One of the Indictment, a violation of 18 U.S.C. § 2113(a), Credit Union Robbery, in case number 3:24-cr-00076-SLG-KFR, and their admissions to Violations One through Eight of the Second Superseding Petition for Warrant for Person under Supervised Release in case number 3:14-cr-00087-RRB-KFR.

☐ That the District Court accept Defendant's admission to the Criminal Forfeiture Allegation.

**D. IT IS ORDERED:**

That a Presentence Report be prepared by the U.S. Probation Office.

1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report (Fed. R. Crim. P. 32(f)(1));
2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing (D.Ak. L.Cr.R. 32.1(d)).

The Sentencing and Disposition Hearings will be before the assigned United States

District Judge.³  The Court excludes time from October 21, 2024, until the time of sentencing pursuant to 18 U.S.C. §3161(h)(1)(G) on the grounds that the District Judge will be considering the proposed plea agreement.

DATED this 21st of October 2024, at Anchorage, Alaska.

/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

This Report and Recommendation is being issued as a Final Report and Recommendation.  Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review.  Any objections must be filed within seven (7) days from the date of service of this Report and Recommendation.  The shortened objection deadline is due to the request of the District Court Judge.  Fed. R. Crim P. 59(b)(2) and D. Ak. L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.⁴

---

³ The parties stated at the change of plea hearing that they intended to file a motion to consolidate the two cases before a single district court judge.  The Court notified both parties that until the granting of that motion, they should be prepared to proceed separately in each case.

⁴ *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Final R&R re: Guilty Plea and Admission
*United States v. Surrells*
Case No. 3:14-cr-00087-RRB-KFR / 3:24-cr-00087-RRB-KFR            4

Case 3:14-cr-00087-RRB-KFR   Document 63   Filed 10/22/24   Page 4 of 4